968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas J. HOWARD, Plaintiff-Appellant,
v.
CAPE INDUSTRIES, a joint venture, doing business under the
partnership laws of the State of North Carolina, consisting
of NCT Corporation, a Delaware corporation, and American
Petrofina, Incorporated, a Delaware corporation, Defendant-Appellee.
 No. 91-2651.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 6, 1992
Decided: July 16, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CA-91-5-7-CIV-F)
 Argued: Ronald Harrison Woodruff, Marshall, Williams & Gorham, Wilmington, North Carolina, for Appellant.
 Charles Matthew Keen, Ogletree, Deakins, Nash, Smoak & Stewart, Raleigh, North Carolina, for Appellee.
 On Brief: Stuart M. Vaughan, Jr., Ogletree, Deakins, Nash, Smoak & Stewart, Raleigh, North Carolina, for Appellee.
 Before RUSSELL and HALL, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas J. Howard appeals the dismissal of his breach of contract claims against his former employer, Cape Industries. We find no error, and we affirm.
 
 I.
 
 2
 Howard, a longtime employee of Cape Industries, planned to retire on his sixty-fifth birthday in June 1991, with full retirement benefits. He alleged, however, that company officials offered him an early retirement incentive, and, in reliance on the offer, he retired a year earlier than he had planned. When the company denied that the offer had been made and refused to pay the "separation pay" claimed by Howard, he sued in state court for breach of contract and negligent misrepresentation. Cape Industries removed the case to federal court on the alternative grounds of diversity of citizenship and federal preemption.
 
 
 3
 The district court, in a thorough and well-reasoned opinion, held that Howard's claims "relate to" the company's retirement plan and, therefore, are preempted by the Employee Retirement Insurance Security Act of 1974 ("ERISA"), 29 U.S.C.s 1001 et seq. Accordingly, Cape Industries' motion for summary judgment was granted. We affirm on the reasoning of the district court. Howard v. Cape Industries, CA-91-5-7-CIV-F (E.D.N.C. July 19, 1991). We also affirm on the alternative ground that no contract regarding early retirement ever came into existence. See McMahan v. International Assoc. of Bridge, Structural and Ornamental Iron Workers, ___ F.2d ____, ____, No. 91-1024 (4th Cir. June 24, 1992) (appellate court may "affirm a judgment for any reason appearing on the record, notwithstanding that the rea son was not addressed below.")
 
 II.
 
 4
 Howard alleged that his immediate supervisor, Allan Potter, approached him in late January 1990 and told him that there was an incentive package as an inducement for Howard to take early retirement. Cape Industries did in fact have a Separation Pay policy in effect at that time, but this policy was limited to employees who were involuntarily terminated from their jobs. Howard claims that he is not suing as a beneficiary under the Separation Pay plan or any other employee benefit plan. Instead, he argues that a contract was formed that was completely outside the realm of the ERISA plans operated by the company, and, therefore, his claim is not preempted. We are unable to see, however, that a contract ever came into existence.
 
 
 5
 Howard's deposition testimony leads to the inescapable conclusion that, even if a definite offer had been made by management in January-February 1990, the offer was definitely withdrawn before it was accepted by Howard. In his complaint, Howard claims that the offer was accepted on March 2, 1990, when he formally announced to management that he would retire a year earlier than previously planned. He also testified that the receipt of the promised incentive payment was dependent on the elimination of his position, this being a requirement under the company's Separation Pay policy. According to his testimony and the notes that he took during the events leading up to his early retirement, he was aware of this requirement in late February. Nevertheless, his position was not eliminated at any time prior to his last day of work in June 1990, and there was never any indication that it would be eliminated. Moreover, he admitted that, despite his March 2 announcement, he was assured that his position would be available to him through June 1991.
 
 
 6
 Based on the foregoing, we are unable to conclude that a contract between the company and Howard was ever created. Though we give Howard the benefit of all inferences and construe the evidence in the light most favorable to him, it still remains unmistakably clear that any offer, if made, was withdrawn before it was accepted. See Normile v. Miller, 326 S.E.2d 11, 18 (N.C. 1985) ("The revocation of an offer terminates it, and the offeree has no power to revive the offer by any subsequent attempts to accept.").
 
 AFFIRMED